UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-07117-SB-MBK | Date | January 16, 2026 |
|---|---|---|---|
| Title | Jose Torres, Jr. v. Fidencio Guzman | | |

| Present: The Honorable | Michael B. Kaufman, U.S. Magistrate Judge | |
|---|---|---|
| James Muñoz | | n/a |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Petitioner: | | Attorneys Present for Respondent: |
| None present | | None present |

**Proceedings:**      ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED DUE TO UNTIMELINESS OF CLAIMS; DENIAL OF REQUEST TO APPOINT COUNSEL.

Petitioner, Jose Torres, is a California state prisoner, in custody at CTF Soledad. Petitioner filed the instant petition pursuant to 28 U.S.C. § 2254 on July 31, 2025. Dkt. 1. Petitioner challenges his conviction on five grounds: 1) insufficient evidence to support his conviction; 2) denial of due process due to a photo lineup conducted outside of the presence of Petitioner's trial counsel; 3) violations of his Sixth and Fourteenth Amendment rights due to the withholding of exculpatory evidence; 4) denial of due process due to prosecutorial misconduct; and 5) ineffective assistance of counsel. Dkt. 1 at 5-6. The assigned District Judge denied Petitioner's request to proceed *in forma pauperis* (Dkt. 2) and ordered Petitioner to pay the filing on or before December 2, 2025. Dkt. 8. On December 8, 2025, Petitioner paid the filing fee. Dkt. 9.

The Court conducted a preliminary review of the Petition pursuant to Rule 4 of the Habeas Rules. *See* Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"). For the reasons that follow, it appears that Petitioner's claims are untimely.

Petitioner filed the instant Petition after April 24, 1996, which makes the Petition subject to the Antiterrorism and Effective Death Penalty Act ("AEDPA") time limits. *See Lindh v. Murphy,* 521 U.S. 320, 336 (1997). AEDPA establishes a one-year time period for state prisoners to file a federal habeas petition. 20 U.S.C. §2244(d)(1). The one-year period begins to run from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-07117-SB-MBK | Date | January 16, 2026 |
|---|---|---|---|
| Title | Jose Torres, Jr. v. Fidencio Guzman | | |

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

However, the one-year time period may be tolled while a petitioner seeks collateral review in the state courts. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). Although the time between when a petitioner's conviction becomes final and the date a petitioner files their first habeas petition is not subject to statutory tolling, the statute of limitations is tolled during "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Harris v. Carter*, 515 F.3d1051, 1053 n.3 (9th Cir. 2008). The statute "is tolled from the time the first habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge." *Id.*

Here, Petitioner indicates that he was convicted on February 9, 2001, and sentenced on March 16, 2001. Dkt. 1 at 3. It appears that California Court of Appeal affirmed his conviction on direct review on July 25, 2002,[1]  and the California Supreme Court denied his petition for review on October 2, 2002.[2] There is no indication that Petitioner filed a

---

[1] *See* Dkt. 1 at 11. *See also* California Appellate Court case Information website ("Case Information Website), Cal. Ct. App. 2nd Dist., Case No. B149231, at https://appellatecases.courtinfo.ca.gov/index.cfm).

[2] Because it is unclear from the Petition, the Court conducted a search on the California Court of Appeal website, and it appears that Petitioner filed a petition for review with the California Supreme Court as well, which was denied on October 2, 2002. *See* Case Information Website, Case No. S109417.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-07117-SB-MBK | Date | January 16, 2026 |
|---|---|---|---|
| Title | Jose Torres, Jr. v. Fidencio Guzman | | |

petition for writ of certiorari with the United States Supreme Court after the California Supreme Court denied his petition for review. As a result, Petitioner's conviction became final 90 days after the California Supreme Court's decision was issued, on December 31, 2002. *See* 28 U.S.C. § 2244(d)(1)(A); *see also Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999) ("We hold that the period of 'direct review' in 28 U.S.C. § 2244(d)(1)(A) includes the period within which a petitioner can file for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition. Therefore, when a petitioner fails to seek a writ of certiorari from the United States Supreme Court, the AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires.").

Therefore, as far as the Court can ascertain from the information provided in the Petition, Petitioner's statute of limitations to file a habeas petition in federal court expired on December 31, 2002.

After his conviction became final, Petitioner sought post-conviction relief in the state courts on two occasions. Neither round of post-conviction proceedings appears to render his federal habeas claims timely. Petitioner first filed for post-conviction relief in Los Angeles Superior Court in January 2004, which was denied. Dkt. 1 at 4. The California Court of Appeal denied his appeal on April 1, 2004, and the California Supreme Court denied review on April 19, 2006. *Id.* at 4-5. Petitioner initiated these proceedings in January 2004, after the AEDPA one-year statute of limitations had already run. These post-conviction proceedings therefore provide no basis to toll the statute of limitations for his federal habeas petition.[3]

Petitioner sought post-conviction relief in the state courts on a second occasion in recent years. Petitioner states that, in October 2023, his wife discovered an article in the LA Times that allegedly documents that the lead detective in his case, Det. Zambos, was found to have utilized improper investigative techniques in other cases. Dkt. 1 at 11-12. The article at issue was published on August 24, 2012. *Id.* at 25. After discovering the article, Petitioner sought post-conviction relief in the Los Angeles Superior Court, which was denied on May 20, 2024. *Id.* at 11-12. The Court of Appeal denied his subsequent

---

[3] It is therefore immaterial whether, as Petitioner asserts, he "did not receive [the California Supreme Court's] denial until two years later," on October 24, 2008. Dkt. 1 at 11. And even if Petitioner had some plausible basis to toll the limitations period until after he received notice of the California Supreme Court's denial, the one-year period would have run on October 25, 2009—more than fifteen years ago.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-07117-SB-MBK | | Date | January 16, 2026 |
|---|---|---|---|---|
| Title | Jose Torres, Jr. v. Fidencio Guzman | | | |

appeal on November 6, 2024, and after the California Supreme Court transferred the case back, again denied the appeal on February 14, 2025. *Id*. The Supreme Court denied his petition for review on April 23, 2025. *Id*.

It does not appear that Petitioner can seek federal habeas relief based on the newly discovered evidence at issue in his second round of state habeas proceedings. In certain cases, newly discovered evidence may provide a basis to file a federal habeas petition more than one year after a conviction becomes final. *See* 28 U.S.C. § 2244(d)(1)(D) (providing that the one-year statute of limitations may run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence"). Where the petitioner first seeks collateral review in the state courts, "the limitations period begins to run when the new evidence should have been discovered through the exercise of due diligence until the prisoner files a petition for state collateral review." *Redd v. McGrath*, 343 F.3d 1077, 1083 (9th Cir. 2003). "The prisoner's federal petition based on that claim becomes ripe for filing once the state courts have completed a full round of collateral review." *Id*.

However, Section 2244(d)(1)(D) does not appear to apply to any of Petitioner's claims. Of the five federal claims asserted in the petition, only one appears to involve the newly discovered evidence. Ground three asserts that Petitioners' Sixth and Fourteenth Amendment rights were violated because he was allegedly deprived of certain records related to Det. Zambos and, "[i]n 2012, Det. Zambos was exposed for the same violations in other cases." Dkt. 1 at 6. Even assuming that the LA Times article could constitute newly discovered evidence, it appears that Petitioner could have discovered the article—or the facts reported in the article—in the ten years after it was published had he exercised "due diligence." *Redd*, 343 F.3d at 1083. It therefore does not appear that Section 2244(d)(1)(D) applies to Ground 3.

As a result, it appears that all of Petitioner's claims are barred by the statute of limitations in 28 U.S.C. § 2244(d)(1). Before recommending dismissal of the claims, the Court will provide Petitioner an opportunity to explain why this action should not be dismissed as untimely. Petitioner is **ORDERED** to file a response to explain why he believes his claims are timely under Section 2244(d)(1), including any basis for statutory or equitable tolling. Petitioner shall file his response by no later than **February 17, 2026**. **Petitioner is warned that failure to file a timely response may result in a recommendation that the action be dismissed with prejudice for failure to prosecute the case pursuant to Federal Rule of Civil Procedure 41(b).**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-07117-SB-MBK | Date | January 16, 2026 |
|---|---|---|---|
| Title | Jose Torres, Jr. v. Fidencio Guzman | | |

In the Petition, Petitioner "humbly ask[s] for assistance of counsel" due to his lack of familiarity with the law. Dkt. 1 at 12. To the extent Petitioner seeks appointment of counsel, the Court DENIES the request without prejudice.

Unlike in *criminal* cases, there is no right to appointed counsel in *civil* actions like this habeas action. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997). Furthermore, unless an evidentiary hearing is required, the decision to appoint counsel in a non-death penalty habeas case is within the discretion of the court. *Knaubert v. Goldsmith,* 791 F. 2d 722 (9th Cir.), *cert. denied* 479 U.S. 867 (1986). Although Petitioner claims indigence and that he is largely unfamiliar with the law, Petitioner does not make a sufficient showing that he necessitates the appointment of counsel at this stage of the case.

Based on the Petition, the Court believes Petitioner is able to articulate his claims on his own. Neither the facts nor the legal issues presented are unusually complex. While the Court recognizes that Petitioner is relatively unfamiliar with the law and that he faces difficulties while litigating in custody, Plaintiff has not shown that these challenges render him unable to adequately represent himself at this time. Nothing in this Order is intended to preclude Plaintiff from retaining counsel on his own behalf, or from renewing his request at a later date. Plaintiff's Request for appointment of counsel is therefore **DENIED without prejudice**.


***

Petitioner is advised of the following requirements for preparing and submitting documents in this case. **Any document that does not comply with any of these requirements may be returned to Petitioner without filing and will not be considered by the Court**.

1.  All documents sent to the Court should be addressed to: "Clerk, U.S. District Court, 255 E. Temple St., Los Angeles, CA 90012." No documents or letters should ever be sent to the judge or the judge's staff.

2.  Each document must include the title and case number (including judges' initials). Documents should have at least a one-inch margin at the top of each page, and should be printed or neatly handwritten on one side of the paper only. No document may exceed 25 pages in length (exclusive of tables and exhibits) without leave of court. This provision of the Local Rules applies to all briefs.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-07117-SB-MBK | Date | January 16, 2026 |
|---|---|---|---|
| Title | Jose Torres, Jr. v. Fidencio Guzman | | |

3. Petitioner must mail the Court the original and one copy of each document. Photocopies, printed copies, or clear handwritten copies are acceptable. The original and copy should be mailed in a single envelope. Petitioner should keep a copy of any document sent to the Court.

4. After any Respondent has filed an appearance in this action, Petitioner must file any future document with the Court and serve it on Respondent(s) by mailing a copy to defense counsel at the address given on court orders or defense filings. Petitioner must attach a "proof of service" to the document when it is filed with the Court. The proof of service must state that a copy of the filed document was mailed to the defense attorney and when it was mailed.

5. At the top of the first page of any document sent to the Court, Petitioner must give their name and mailing address, including prisoner number (if applicable), other identification number, and any other information needed for mail to be delivered. The Court will assume that the address is correct and will use it until informed otherwise. It is Petitioner's responsibility to notify the Court and defense counsel of any change of address and the effective date of the change. If Petitioner fails to keep the Court informed of a correct mailing address, this case may be dismissed under Local Rule 41-6, which states as follows:

*Failure of a pro se Party to Keep Court Apprised of Current Address: A* party proceeding pro se must keep the Court and all other parties informed of the party's current address as well as any telephone number and email address. If a Court order or other mail served on a pro se Petitioner at his address of record is returned by the Postal Service as undeliverable and the pro se party has not filed a notice of change of address within 14 days of the service date of the order or other Court document, the Court may dismiss the action with or without prejudice for failure to prosecute.

**IT IS SO ORDERED.**